### J. J. BAXTER v. WILLIAM ELLIS.

*Elections—Devices on Ballots.*

1. The term " device " in the statute regulating elections (*The Code*, § 2687), means any distinguishing mark; and hence when certain ballots cast at an election had upon the outside or back the letters O. K. in pencil, they were within the prohibition of the statute and were properly rejected.
2. The statute prohibiting devices upon ballots embraces elections for town and city officers.

QUO WARRANTO to try the title to the office of councilman in the first ward of the city of Newbern, heard before *Winston, J.*, at Spring Term, 1892, of CRAVEN Superior Court.

The allegations in the complaint are substantially as follows:

1. That on May 2, 1892, a regular election was held in Newbern, as provided by Private Laws of 1879, chap. 42, and chap. 62, Vol. II of *The Code*, for councilmen.

2. The relator Baxter and the defendant Ellis were voted for for the said office in the first ward of the city—the relator receiving eighty-one votes, and the defendant seventy-four votes, and that relator was duly elected, and legally declared so elected.

3. That thereafter and pursuant to said private laws, the plaintiff duly qualified as such councilman; and that, against the demand and protest of the plaintiff, the said William Ellis, defendant, has illegally (well knowing the same to be contrary to law and without a *bona fide* claim of right), usurped and intruded into, and unlawfully holds and exercises the said office, and has ousted the plaintiff therefrom.

The defendant in his answer alleges, that while it is true eighty-one votes were cast for plaintiff and seventy-four for himself, but that of the eighty-one votes cast for relator twelve of the ballots had marked upon the backs the letters " O. K." in pencil, which was (as defendant is advised and believes) a device under the law, and rendered said ballots illegal and void.

That the only action taken by the officers who held said election, was to make out and file with the clerk of the city a certificate, of which the following is a copy: " We, the undersigned registrars and judges of election of the First Ward of the city of Newbern, at an election held in the city hall for the year 1892, on this the 2d day of May, 1892, do hereby certify that at said time and place the following ballots were cast, and by us counted as required by law, to-wit: William Ellis, seventy-four votes; J. J. Baxter, eighty-one votes. We further certify, that from the ballots cast in favor of said Baxter, twelve thereof bore the inscription on the back of each of said twelve ballots ' O. K.' We further certify that we consider and conclude that the majority of such votes cast were in favor of said Baxter, and hereby declare him legally elected councilman of said ward." (One of the election officers was of opinion that the said twelve ballots were illegal, and therefore refused to join in the above certificate).

The defendant then offered in evidence the said twelve ballots, and rested his case, and the plaintiff relator demurred to the evidence, contending—

1. That the mark " O. K." did not constitute a device under the statute.　*Code*, § 2687, 2689.

2. That the law of device (said sections of *The Code*) has no application to municipal ballots or elections, or to election of councilmen of said city.

It was admitted that if said mark in pencil was not a device, then the relator was elected. The Court overruled the demurrer, and gave judgment for defendant, and the plaintiff appealed.

*Messrs. C. R. Thomas* and *O. H. Guion*, for plaintiff.
*Mr. W. W. Clark*, for defendant.

CLARK, J.:- *The Code*, § 2687, prescribes that the ballots shall be " without device." It is contended that the inscription "O. K." upon the back of the twelve contested ballots is not a " device" within the meaning of this statute.

In *DeLoatch* v. *Rogers*, 86 N. C., 357, this Court (SMITH, C. J.) says, approving *Oglesby* v. *Sigman*, 58 Miss., 52, that one of the objects of this provision was, " that ignorance and blind party devotion might not be led to the adoption of ballots by the guidance of some mark and device, as to which they were instructed by their leaders, and which, instead of intelligent comprehension of whom or for what they are casting their ballots, should determine their selection of ballots to be cast." And in the case of *Yeates* v. *Martin*, (from the 1st N. C. Congressional District) 5 Cong. El. Cases, 389, it is held, construing this act, that the heading " Republican ticket" was a device and the ballots bearing it were invalid. This reason given for the statute applies peculiarly to the cases where the device is on the face, or inside of the ballot, and has not met with concurrence in some Courts in States having a similar statute. But there is another reason given for it, which has met with universal approbation; where the device, as in this case, is on the outside of the ballots, and

that is that the statute is intended to preserve the secrecy of the ballot and to protect the voter from intimidation. In this view of the purport and object of the statute, as well as the other, the "device" denounced is any distinguishing mark reasonably intended as such. It is true "device" sometimes means an emblem or pictorial representation, though in the Bible and by Shakespeare it is almost always used in the sense of contrivance, plan or trick. But these are all secondary and derivative meanings. Webster tells us that the word comes "from the Latin *dividere*, to separate, to distinguish." This is its primary signification, and is that intended by the statute. The inscription "O. K." is popularly supposed to mean "Orl Korrect." But whether it has that meaning, or any meaning, is immaterial. Those letters written (or printed) on the outside of the ballots would serve as fully to destroy the secrecy of the ballot and give opportunity for intimidation of the voter as if a cotton bale or an "arm and hammer" were imprinted there; and if within the ballot would serve the purposes mentioned in *DeLoatch* v. *Rogers*, quoted *supra*. In either case they fall within the denunciation of the statute, in the purview of which the word "device" means simply a "distinguishing mark." Instances showing that this is not an unusual meaning of the word, and that a device may be by words or letters as well as by pictorial representation, will readily occur to anyone—among them those lines of the poet, "A banner with the strange *device*— Excelsior."

The other point raised by the demurrer is, that this section (2687) does not apply to municipal elections. *The Code*, § 3789, provides that in such elections the inspectors "shall conduct the election *in like manner*, and during the same hours of the day, as elections for members of the General Assembly. And at the close of the poll shall declare elected such persons as have the highest number of votes." This statute evidently intends that the same rules and regulations

shall apply to the conduct of the poll-holders from the opening of the polls down to and including the count by them of the vote and announcement of the result.  In section 2689 it is provided that when the registrar and judges of elections (who are the inspectors, *The Code*, § 2678) open the boxes and count the ballots, any ticket which "shall have a device upon it * * * shall not be numbered, but shall be void." These twelve ballots which had this device upon them were void, and when the inspectors of the municipal election were proceeding with this important part of their duty in " conducting the election," they should, *in like manner* with the inspectors in an election for members of the General Assembly, have refused to number these void ballots.  *The Code*, §§ 2689, 3789.  It is true that section 2689 says " when the election is finished," but the whole paragraph shows that this means simply that when the election is finished as to the reception of votes, the poll-holders shall proceed with the counting of the vote.

In this case the inspectors erroneously counted the contested ballots, but on the *quo warranto* their action was properly reversed by the Court.  The relator contends that the return of the canvassing board was *prima facie,* correct, and that the Courts should now seat him and drive the defendant to his *quo warranto.*  But the Courts will not do a vain thing, merely to reverse the position of the parties by making the defendant plaintiff and the plaintiff defendant.  A case in point is *Ellison* v. *Raleigh,* 89 N. C., 125.  This matter being before the Court, it was properly adjudicated upon the merits.

No Error.