State on relation of WILLIAM H. MITCHELL, WILLIAM F. JOYNER and I. H. KEARNEY v. WILEY P. ALLEY, W. S. PRUITT, JACOB N. PERRY and SAMUEL W. JONES.

(Decided February 27, 1900.)

*Quo Warranto—Title to Office of Justices of the Peace—Acts 1895, Chapter 157, Section 4.*

Under the legislation of 1895, since continued, each township is entitled to elect three Justices of the Peace on one ballot, and no more, unless the township shall contain a city or incorporated town with as much as 1,000 inhabitants—in that case one additional Justice for every 1,000 of inhabitants—a ticket containing more names than the elector has a right to vote for, to be void, and not counted.

ACTION in the nature of *quo warranto* to test the right of the defendants to hold the office of Justice of the Peace for Franklinton Township, FRANKLIN County, N. C., tried before *Moore, J.,* at January Term, 1898.

The plaintiff and defendants were opposing candidates, and each claimed to be elected, as Justices for the township. The verdict and judgment were in favor of plaintiffs, upon grounds fully stated in the opinion. Defendants excepted and appealed.

*Mr. W. M. Person,* for appellant.

Appellee not represented in this Court.

CLARK, J.    Sec. 4, chap. 157, Laws 1895, provided that there should be elected "in each township in the State three Justices of the Peace, and, for each township in which any city or incorporated town is situated, one Justice of the Peace for every 1,000 inhabitants in such town or city."    By a provision in sec. 20, chap. 159, Laws 1895, (which is continued in sec. 29, chap. 507, Laws 1899), "if any ticket shall contain the names of more persons than such elector has a right to vote for, such ticket shall not be numbered in taking the ballots, but shall be void."    The answer admits the allegation in the complaint that the names of all four defendants were printed on all the ballots cast and counted for them as Justices of the Peace, at the election held in Franklinton Township on the 8th of November, 1898.    The exceptions to evidence are without merit, and require no discussion.

The jury found upon the issues submitted to them that on the ballots cast for the plaintiffs there were only their three names, and that Franklinton (the only incorporated town in that township), had less than one thousand inhabitants at the time of the election.    It follows that the tickets cast for the four defendants were void, and that the plaintiffs were legally elected.

This result is not consonant to natural justice, which would seem to require that when four persons are, doubtless *bona fide,* voted for on a ticket which should contain only three names, some method should be provided for the selection of three out of the four, if that ticket receives the highest number of votes.    But the provision of the law is explicit. The judgment below is

Affirmed.