STATE EX REL. M. G. WRIGHT, RELATOR, v. C. C. SPIRES.

(Filed 25 February, 1910.)

### Elections—Ballots Prescribed—Difference in Size—Device.

When the statute contains directions to be observed at the count of the ballot, and expresses the classes of ballots to be excluded from the enumeration and declared void, and a charter empowers the board of aldermen of a city to determine upon the size of the ballots to be used, without declaring ballots of other sizes to be void, an election of an alderman receiving a majority ballot is not void by reason that the ballots for him were cast on paper 1 ½ x 3 inches, when the size prescribed was 1 x 3 inches. The mere difference in such sizes is an irregularity, and may not be regarded as a device to be condemned and rejected.

APPEAL from *Ward, J.,* September Term, 1909, of PASQUO-TANK.

This was a civil action in the nature of *quo warranto,* to try the title to the office of Alderman of the City of Elizabeth City. The election was held on 11 May, 1909, pursuant to the charter of the city, at which the relator, M. G. Wright, and C. C. Spires

were opposing candidates for election as alderman of the Seventh Ward in said city. The relator received 66 votes; the defendant 44 votes. The judges of the election certified this result to the board of canvassers of the election. This board rejected all the ballots cast for Wright and declared the defendant duly elected; and he was duly admitted to the office, and now holds and enjoys its privileges and emoluments. After obtaining the consent of the Attorney-General, the relator brought this action to recover the office. It is admitted in the answer as one of the causes of objection to relator's election (and no other is set out in the answer or suggested in the evidence), that "the ballots cast for the relator were not as prescribed by law, and that they were 1½ x 3 inches in size, instead of 1 x 3 inches in size, which size was prescribed by law." The evidence disclosed that the board of aldermen had prescribed the size of the ballot to be 1 inch wide by 3 inches long; and the ballots cast for relator differed from this size, as set out in the answer.

His Honor instructed the jury that if they found the facts to be as stated above, then they should answer the issues in favor of the plaintiff. This was done, and judgment was rendered declaring plaintiff to have been duly elected, and entitled to the office, and ousting the defendant therefrom.

The defendant excepted to his Honor's refusal to nonsuit the plaintiff, and to the instruction given, and appealed to this Court.

*J. B. Leigh* and *Pruden & Pruden* for plaintiff.
*G. J. Spence and Aydlett* and *Ehringhaus* for defendant.

MANNING, J. The particular provision of the charter of Elizabeth City pertinent to the question presented by this appeal is section 22, chapter 290, Private Laws 1909, and reads as follows: "All ballots shall be printed or written, or partly printed and partly written, upon white paper, and shall be without device, mutilation or ornamentation, the size of the ballots to be fixed by the board of aldermen at same meeting at which election is called."

Section 25 contains the following directions to be observed at the count of the ballots: "And if there shall be two or more ballots rolled up together, or any ballot shall contain the names of more persons than the elector has the right to vote for, or shall have a device or ornament upon it, in either of these cases such ballot shall not be numbered in taking the ballots, but shall be void, etc."

It will be observed that these sections of the charter of Elizabeth City are nearly identical with sections 4344 and 4347, Revisal of 1905. This section 25 of the charter and 4347 of Revisal particularly specify the classes of ballots to be excluded from the enumeration and to be declared void; but in these classes of ballots to be rejected are not specified those varying *in size* from the prescribed size. This defect must, we think, therefore be regarded as an irregularity, that will not avoid the ballots, unless the difference in size is so pronounced as possibly to be regarded a *device,* and, as such, to be condemned and rejected. *Baxter v. Ellis,* 111 N. C., 124.

In Paine on Elections, sec. 454, it is held a ballot, written or printed on colored paper, cannot be received, under a statute requiring all ballots to be "written or printed on plain white paper." *State v. McKinnon,* 8 Ore., 493. In *Kerr v. Rhodes,* 46 Cal., 398, the Court says: "A ballot cast by an elector in good faith should not be rejected for failure to comply with the law in matters over which the elector had no control, such as the exact size of the ticket, the precise quality of the paper, or the particular character of type or heading used, where the law has provisions to that effect; but if the elector willfully neglect to comply with requirements over which he has control, such as seeing that his ballot, when delivered, is not so marked that it may be identified, the ballot should be rejected."

In McCrary on Elections, sec. 190, the learned author says: "If the statute expressly declares any particular act to be essential to the validity of the election, or that its omission shall render the election void, all courts whose duty it is to enforce such statute must so hold, whether the particular act in question goes to the merits, or affects the result of the election, or not. Such a statute is imperative, and all considerations touching its policy or impolicy must be addressed to the Legislature. But if, as in most cases, the statute simply provides that certain acts or things shall be done, within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election." *DeBerry v. Nicholson,* 102 N. C., 465; *Hendersonville v. Jordan,* 150 N. C., 35; *Younts v. Comrs.,* 66 S. E. Rep., 575; *DeLoatch v. Rogers,* 86 N. C., 357.

We do not think, therefore, that the difference in the size of the tickets used by the electors, in casting their votes for the

relator, from the prescribed size, was such difference as rendered void the ballots so cast; and we conclude that his Honor's rulings were correct, and in the trial there was

No error.