P. N. BRAY v. T. W. BAXTER.

(Filed 15 September, 1915.)

**1. Elections—Ballots—Marking—Statute.**

Under Revision 1905, sec. 4347, providing that when the election shall be finished the boxes shall be opened and the ballots counted, reading aloud the names appearing on each ticket, and if there shall be two or more tickets rolled together, or if any ticket contains the name of more persons than the elector may vote for, or has a device upon it, such tickets shall not be included in counting the ballots, but shall be void, a ballot for one claiming the office of register of deeds, thrown out because containing two unmarked names, instead of one, for the office of recorder of the county, was improperly rejected as a vote for register, the elector's choice for such office being properly indicated, as the statute does not contemplate throwing out the whole ballot for voting one ticket for too many candidates, its language distinguishing between the ballot and the ticket, of several of which (each office voted for being a separate ticket on the same ballot) the ballot is made up.

**2. Elections—Ballots—Marking—Statute.**

A ballot the only defect of which was that it contained unmarked names of four persons for the office of county commissioner, while only three commissioners were to be elected, was likewise improperly rejected.

**3. Elections—Voter's Mistake as to Precinct.**

Where a voter lived in the township in which he voted, but was registered and voted in a different precinct in such township than where he lived, being otherwise a qualified elector, and having voted where he did in good faith, having done so for a long number of years, under the belief that it was the proper precinct, his vote was valid.

**4. Elections—Vote by Unregistered Voters—Validity.**

Where the registration book for 1914, the year of an election, contained only part of the names of all who voted in a certain precinct, the election having there been regularly and fairly held, all who voted having been actually qualified as voters, and all their names being on the registration books of 1903 to 1910 or that for 1914, the old registration books for the precinct having either been lost or misplaced, the vote of such precinct was valid.

**5. Elections—Torn Ballot—Validity.**

Where a voter had simply torn off the top part of a ballot, declining to vote for the first names, but cast the balance of the ballot intact, the vote was valid for the candidates indicated.

**6. Elections—Canvass—Tie Vote—Statute.**

Under Revisal 1905, sec. 4355, providing that if two or more county candidates having the greatest number of votes shall have an equal number, the county board of elections shall determine which shall be elected, where there was a tie vote for register of deeds, and the county board of elections decided in favor of one candidate, not as their choice under the statute, but on a canvass of ballots erroneously giving such candidate a majority, it was no valid election; the board not having exercised its statutory power.

ALLEN, J., dissenting.

APPEAL by plaintiff from *Whedbee, J.,* at March Term, 1915, of CURRITUCK.

*Quo warranto* by the State, on the relation of P. N. Bray, against T. W. Baxter. Judgment for respondent, and the relator appeals.

*Aydlett & Simpson and Ward & Thompson for plaintiff.*
*Ehringhaus & Small for defendant.*

CLARK, C. J. This is a *quo warranto* for the office of register of deeds of Currituck. At the November election of 1914 the respondent was awarded the certificate of election, and the relator began this action to assert his title to the office. The court referred the matter, and the referee filed his report confirming the title of the respondent, which upon exceptions was affirmed by the judge.

The referee found that the respondent had a plurality of three votes. The referee sustained the action of the canvassing board in throwing out three ballots cast for the relator because there were more names on each of said ballots than the elector had a right to vote for. One of the ballots thus thrown out contained unmarked the names of two persons for the office of recorder of said county, and the other two of said ballots contained unmarked the names of four persons for the office of county commissioner, while there were only three commissioners to be elected. But none of these ballots had the name of more than one candidate for

register of deeds unmarked. The whole of these three ballots were thrown out and not counted. This was error. The three ballots should have been counted for the relator. The referee based his conclusion, which was affirmed by the judge, upon Revisal, sec. 4347, and the decisions in *Mitchell v. Alley,* 126 N. C., 84, and *Deloatch v. Rogers,* 86 N. C., 357. But these authorities have no bearing upon this case.

In *Mitchell v. Alley* the tickets held to be illegal were cast for justice of the peace (no other officer being voted for), and contained the names of four persons for that office, when only three were to be voted for. These were properly thrown out, because it was impossible to determine which three of the four candidates were voted for.

In *Deloatch v. Rogers, supra,* the question before the Court was whether certain tickets were void which contained the name of an office and a candidate therefor which was not to be voted for at that election. The Court held the ticket void upon the ground that the insertion of the superfluous office and name was a "device" which served to distinguish the ticket from the other tickets voted. We question the correctness of that decision, unless it was found affirmatively as a fact that the superfluous name and office were, in fact, a device. But, if correct, it has no application to this case. Here there were no party nominations. All persons desiring to run for the various offices had their names placed on one ticket, and the voters were supposed to scratch out the names of the persons for whom they did not desire to vote. The voters who cast the three tickets in question voted for only one person for register of deeds, the office here in contest, and the fact that these three voters voted for two recorders, when they should have voted for but one, or for four commissioners out of the nine candidates named on the ticket, when they should have voted for only three, ought not to invalidate their votes for register of deeds, and thereby deprive them of their choice for that office for whom they intended to vote and legally voted. The ticket containing candidates for several offices was in reality equivalent to putting into the box, though on one slip, ballots for each of the several offices. An ambiguity, therefore, by voting for too many names for any of the other offices does not invalidate a legal vote for this office.

Revisal, sec. 4347, does not contemplate throwing out the whole ballot. The language of the statute distinguishes between the word "ballot" and the word "ticket." It is the latter that is not to be counted. The ballot is made up of several tickets; each office voted for being a separate ticket on the same ballot.

The relator also excepts because the vote of H. D. Doxey was counted for the respondent. The facts found were that H. D. Doxey lived in the township in which he voted, but was registered and voted

in a different precinct in that township; that he was otherwise a qualified elector, and in good faith voted where he did; that in the belief that it was the proper precinct, he had voted at that precinct for a long number of years. Another voter under exactly the same state of facts voted at that box for the relator. Both of these votes were allowed by the referee and approved by the court. To disallow one of these votes would require the disallowance of the other, leaving the result the same. However, they were both properly counted. In *Quinn v. Lattimore,* 120 N. C., 431, it was held that "where qualified voters living near the dividing line of two townships, which line was not definitely located, in good faith registered and voted in the township in which they did not actually reside," but the election was for a county office, the votes should be counted. In this case the township had been divided into precincts, and the voters *bona fide* voted in the township, but in the wrong precinct, for a county officer, and had been so voting at that precinct under a genuine mistake as to the dividing line of the precinct for many years. The vote of Doxey was properly allowed by the referee and court.

The relator also excepted because of the allowance of the vote at North Banks Precinct, which had been received by the county canvassers and held valid by the referee and the judge. It was found as a fact that the election at that precinct was regularly and fairly held; that all who voted at that precinct were qualified as voters, and the names were all on the registration books of 1903 to 1910 or on the 1914 book, and that the old registration book was either lost or misplaced. There were but 34 votes at the precinct, and the registrar, who had been registrar at that precinct for thirty years, except in 1910, testified that he was personally acquainted with all the voters, and that all who voted had been registered and were qualified voters. The "challenge to the array" at North Banks Precinct was properly disallowed.

The only other exception that needs to be noted is to two ballots cast for the respondent which had been thrown out by the canvassers, and not counted for him by the judges of election, because they were torn in two, but which the referee, affirmed by the judge, had reinstated and counted for him. The evidence showed that the voters had simply torn off the top part of these ballots, declining to vote for the first names on the same, but had cast the balance of the ballot intact. They were properly counted. *S. v. Spires,* 152 N. C., 4.

As the only error found on this appeal is the disallowance of three ballots cast for the relator, this leaves the result a tie. If this had been a town election, the result should be "determined by lot" (Revisal, sec. 2966), and we should have to remand the case for that

purpose. This being a county election, it was the duty of the county board of elections to determine which candidate should be elected. Revisal, sec. 4355. The board did decide in favor of the respondent, not as their choice under the statute, but on a canvass of the ballots which erroneously gave the respondent a majority.

We must, therefore, declare that the vote was a tie, and remand the case to the county board of elections, who shall "determine which shall be elected," and not which had been elected, as they have done on an erroneous count of the ballots cast. Each party will pay his own costs on this appeal.

Remanded.

ALLEN, J., dissenting.